The opinion of the court was delivered by
G-ibsoN, J.
The question is, whether a notary public can be Compelled to testify against the truth of his certificate of protest. *286 In none of the cases which hare come before this court, has the notary objected to being examined, and the point, therefore, is of the first impression. The protest is made evidence by the act of the 2d of January, 1815, but with a proviso that it' may be contradicted by other evidence; that is, as I understand it, by evidence dehors the certificate itself. Now, the certificate is not a record; and the objection must therefore rest on a supposed personal exemption from examination, .as to facts which the notary has certified to be true. But in contradicting those facts, he no more subjects himself to answer criminally for official misconduct, than a witness subjects himself to a prosecution for perjury, in contradicting, in his cross examination, facts to which he has before positively sworn. In either case, I can see no objection- to showing by the one or by the other, that he was mistaken in his conception of the fact. The evidence of the notary is admitted on the credit of his official oath; and where notice is proved, as it may be, by a private person who has presented the note or bill for payment or acceptance, his evidence is admitted on the credit of a judicial oath; but in either case there is equal reason for subjecting the witness to further examination, as to particulars. In this respect, they stand alike protected from answering, where to answer would necessarily subject them to a penalty; and what would constitute the privilege of the one, would also constitute the privilege of the other. I am therefore of opinion, that the court did right in compelling the notary to answer.
Judgment affirmed.